UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>GUADALUPE REBOLLEDO ADAN,<br><br>                              Defendant. | Case No.: 3:23-CR-1902-W<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER AND SET CONDITIONS OF RELEASE**<br><br>**[ECF No. 22]** |

Before the Court is Defendant Guadalupe Rebolledo Adan's ("Defendant") Motion to Revoke Detention Order and Set Conditions of Release. ECF No. 22. At Defendant's ("Defendant") initial appearance on August 22, 2023, the Government moved to detain him based on a serious risk of flight. ECF No. 3. After a hearing that day, the Court granted the Government's motion. ECF No. 8. The Court found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance as required. *Id.* Based on this finding, the Court ordered that Defendant be detained. The Court found that the following factors supported an order of detention: the nature and circumstances of the offense; criminal history; past violations of probation, parole, or supervised release; subject to removal or deportation after serving any period of incarceration; and the weight of the evidence against the Defendant (although the least important factor). *Id.*

Defendant now seeks reconsideration of the Court's detention order, and requests that the Court set pretrial release conditions including a $35,000 personal appearance bond secured by the signature of two financially responsible and related adults and a 10% cash deposit. Defendant argues that conditions of pretrial release should be set because he has strong family ties in the United States, which include his three children, who are United States citizens living in California. Defendant denies that he has any incentive to flee because of cartel violence in the area of Mexico where he has resided for the past seven years. Defendant has applied for asylum, and contends that gives him a strong incentive to appear in court and surrender as directed. With respect to criminal history, Defendant argues that his only conviction involving violence was a 2006 assault, for which he received a probationary sentence. Defendant's brother, who earns a substantial income and owns real property, is willing to serve as a surety. Defendant's adult daughter is also willing to serve as a surety.

The Government opposes the motion. The Government argues that Defendant has not presented any new facts that warrant reconsideration of detention. The Government relies largely on Defendant's criminal history to argue that detention is warranted. Defendant's criminal history includes a DUI conviction in 1999, disorderly conduct convictions in 1999 and 2011, an assault conviction in 2006, a conviction for providing false information to the police in 2008, a conviction for false impersonation of another in 2010, and misdemeanor and felony illegal entry convictions in 2008, 2011, and 2014. Defendant's criminal history also includes violations of probation and supervised release in 1999, 2008, 2010, and 2011.

The Court finds that this matter is suitable for determination without a hearing. *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention).

The Court is not persuaded that the additional facts presented by Defendant warrant reconsideration of the Court's prior detention order. Although the Court respects and

appreciates that Defendant's brother and daughter are willing to support him on pretrial release, that does not mitigate the Court's concerns regarding the serious risk of flight that arises from the nature and circumstances of the instant offense and arrest, and Defendant's lengthy criminal history, particularly violations of probation and supervised release. In short, the Court sees no evidence that Defendant does not continue to present a serious risk of flight.

Therefore, the Court **DENIES** Defendant's motion to reconsider the Court's order of detention.

**IT IS SO ORDERED.**

Dated:  October 18, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge